**Evelyn McADAMS, Appellant,**

v.

**Janet RENO, United States Attorney General, in her official capacity and as agency head; United States of America, Appellees.**

No. 94–4073.

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1995.
Decided Aug. 30, 1995.

Stephen W. Cooper, Minneapolis, MN, argued (Kathryn J. Cima, on the brief), for appellant.

Patricia R. Cangemi, Asst. U.S. Atty., argued, Minneapolis, MN, for appellees.

Before BEAM, Circuit Judge, BRIGHT, Senior Circuit Judge, and MURPHY, Circuit Judge.

MURPHY, Circuit Judge.

Evelyn McAdams, an employee of the United States Bureau of Prisons, appeals from a judgment dismissing her claims for sex discrimination under Title VII of the Civil Rights Act of 1964 and for defamation. The district court [1] dismissed her discrimina-

---

1. The Honorable Donald D. Alsop, Senior United States District Judge for the District of Minnesota.

tion claims for lack of jurisdiction because she had not raised them in related administrative proceedings and her defamation claim because of sovereign immunity. We affirm.

### I.

In 1984, McAdams was hired by the Bureau of Prisons as a secretary at the Federal Medical Center in Rochester, Minnesota. She was promoted in 1986 to Materials Handler Foreman. In the spring of 1991 the Bureau began an investigation into her conduct. The investigation was apparently initiated in response to her intervention in an altercation between two inmates, but it focused on the nature of her relationship with one of them.

The Bureau's investigation continued for over a year, during which McAdams was disciplined several times. In August 1991, she was suspended for fourteen days, allegedly for failing to respond appropriately to the inmate altercation. She was demoted to Senior Correctional Officer, which meant a reduction in pay, effective November 16, 1991, based on charges of inattention to duty and showing favoritism to an inmate. She was later removed from her position and terminated on May 6, 1992, allegedly for interfering with an official investigation, falsifying facts in connection with the investigation, carrying on an inappropriate relationship with an inmate, and giving something of value to an inmate.

In this action, McAdams alleges that she was subjected to harassment and other discriminatory treatment based on her sex and that Bureau employees retaliated against her after she complained. Her complaint cites the Bureau's investigation, the manner in which it was conducted, and the resulting disciplinary measures as examples of the discriminatory and retaliatory behavior that made up a hostile work environment.

Prior to filing this lawsuit, McAdams pursued several administrative remedies related to the discrimination claims she asserts here. She filed a grievance with her union regarding her suspension and the nature of the investigation that led up to it. While the grievance was pending, on November 14, 1991, she filed an Equal Employment Opportunity (EEO) complaint with the Department of Justice (DOJ), alleging sex discrimination and retaliation relating to the ongoing investigation, her suspension, and her demotion. She filed a second EEO complaint, alleging similar claims on February 28, 1992. At the same time, she sought relief from the Merit Systems Protection Board (MSPB), to which she appealed both her demotion and her removal.

McAdams' attempt to pursue her administrative claims in several places simultaneously led to complications. Her union grievance went to arbitration, but the record does not reveal the details of the claim or its outcome. Her two EEO complaints were each ultimately dismissed because the issues raised in them were being addressed elsewhere. The DOJ investigated her first EEO complaint, but did not issue a decision within 120 days. After 120 days had passed, McAdams asserted similar claims in an appeal to the MSPB. On June 26, 1992, the DOJ cancelled the initial EEO complaint because it determined that McAdams had elected to pursue her suspension claims under the negotiated grievance procedure and her demotion claims as a mixed case under the MSPB appeal process.

McAdams filed a second EEO complaint with the DOJ, alleging further harassment and retaliation relating to her demotion and the continuing investigation. This complaint was dismissed on September 25, 1993, because the DOJ determined that the claims alleged in this lawsuit, which had been filed on July 30, 1992, incorporated the allegations in the EEO complaint. The Equal Employment Opportunity Commission (EEOC) affirmed the DOJ's dismissal on March 22, 1994.

Ultimately the MSPB accepted jurisdiction over McAdams' claims. She had first appealed her demotion to the MSPB on December 3, 1991, but that appeal had been dismissed without prejudice because of her pending EEO complaint. On March 14, 1992, after 120 days had passed from the time she filed her EEO claim, McAdams had refiled her demotion appeal with the MSPB. The MSPB then accepted jurisdiction over that appeal, but dismissed it without prejudice because her suspension grievance, the out-

come of which might have had relevance to the demotion issues, had not yet been resolved. She appealed her removal to the MSPB on May 28, 1992, and timely refiled her demotion appeal on September 4, 1992.

The demotion and removal appeals were consolidated for hearing on October 26 and 27, 1992. At the hearing McAdams raised an affirmative defense of retaliation, but she did not pursue her other discrimination claims. The administrative law judge (ALJ) issued an initial decision in February 1993, which became final on June 11, 1993. He found that the agency had failed to produce sufficient evidence to support its reasons for acting and also determined that McAdams had produced sufficient evidence to support her affirmative defense of retaliation. He reversed McAdams's demotion, reassignment, and removal, and ordered reinstatement with full backpay.

After her success before the MSPB, McAdams continued to pursue this action, seeking additional Title VII compensatory damages. On July 14, 1994, the district court dismissed her discrimination claims for lack of jurisdiction, holding that they should have been raised as part of the MSPB appeal.

## II.

■ The basic issue here is whether plaintiff's discrimination claims should have been raised in her MSPB appeal or whether she is entitled to pursue them independently in a federal court action. McAdams argues that the issues in her Title VII claim are distinct from those raised in her MSPB appeal, and in fact could not have been addressed in that forum. The government responds that the district court properly dismissed the claim because the MSPB had jurisdiction over all issues related to plaintiff's demotion and removal, including her Title VII sex discrimination claims. The dis-

trict court's dismissal for lack of jurisdiction is reviewed de novo. *See Vinieratos v. United States Dept. of the Air Force,* 939 F.2d 762, 768 (9th Cir.1991).

■ Federal employees asserting Title VII claims must exhaust their administrative remedies as a precondition to filing a civil action in federal district court. *See Brown v. General Servs. Admin.,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976). The requirements for processing employment discrimination claims are complex and merit careful attention by a claimant. Generally, the employee must seek relief from the Equal Employment Opportunity department of the employing agency, as required by the procedures outlined in Section 717(c) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c). *Id.* In some cases, federal employees affected by particular adverse employment actions may instead assert their related Title VII claims in connection with an appeal to the MSPB, an independent, quasi-judicial federal administrative agency established to review civil service decisions.[2] *See* 5 U.S.C. § 7701. These are considered "mixed cases" and are governed by specific procedures outlined in 5 U.S.C. § 7702. The statute describes the preconditions for filing a federal lawsuit in mixed cases.

A comprehensive statutory and regulatory scheme governs the processing of mixed cases. *See* 5 U.S.C. § 7702; 29 C.F.R. §§ 1613.401—1613.421[3]; 5 C.F.R. §§ 1201.151—1201.175. A mixed case may be filed as a complaint with the agency's EEO department or as an appeal to the MSPB, but not both.[4] 5 U.S.C. § 7702; 29 C.F.R. § 1613.403. Either agency is authorized, and required, to address both the discrimination issues and the civil service issues that arise in a mixed case. 5 U.S.C. § 7702(a). An employee who initially chooses to file an EEO mixed case complaint may,

---

**2.** The MSPB's jurisdiction is limited to the review of specific "appealable actions," which include demotions and removals. *See* 5 U.S.C. § 1201.

**3.** New EEOC regulations for federal sector complaints became effective October 1, 1992. The procedures governing mixed cases were not significantly altered and application of the new reg-

ulations would not affect the outcome of this case. *See* 29 C.F.R. §§ 1614.301–1614.310.

**4.** If an employee files in both places, the regulations provide rules for determining which forum has been chosen: "[W]hichever is filed first (the EEO complaint or the MSPB appeal) shall be considered an election to proceed in that forum." 29 C.F.R. § 1613.403.

after 120 days have passed without a judicially reviewable action by the agency, appeal the matter to the MSPB, 5 U.S.C. § 7702(e)(2), and transfer the administrative review to that agency. EEOC regulations provide for the cancellation of a mixed case complaint if such an appeal is timely filed. 29 C.F.R. § 405(b).

Congress has identified specific circumstances under which a federal employee pursuing a mixed case can seek judicial review of an administrative decision or initiate a civil action based on the issues raised in the administrative proceeding. 5 U.S.C. § 7702. Employees pursuing relief though an EEO mixed case complaint may file a civil discrimination action in federal district court within 30 days of a final decision by the agency or after 120 days have passed without a decision, but only if no appeal to the MSPB is pursued at that time. 5 U.S.C. § 7702(e)(1)(A); 29 C.F.R. § 1613.421(g). A civil discrimination action may be filed within 30 days of a final decision by the MSPB if the employee has not petitioned for EEOC review of the decision or after 120 days have passed without a final decision. 5 U.S.C. §§ 7702(e)(1)(B), 7703(2).

In this case, McAdams' action began as a mixed case complaint filed with the EEO department of the DOJ. When she later attempted to appeal her demotion to the MSPB, it dismissed the appeal due to the pending related EEO complaint. *See* 5 C.F.R. § 1201.154(c). After 120 days had passed without an EEO decision, McAdams was authorized to file either a civil action in federal district court or an appeal with the MSPB, but not both. 5 U.S.C. § 7702(e)(1)(a); 29 C.F.R. 1613.421(g).

■ On March 13, 1992, McAdams elected to refile her MSPB appeal, which transformed her administrative action from an EEO mixed case complaint into an MSPB mixed case appeal. *See* 5 C.F.R. § 1201.154(b)(2). At that point, all issues that McAdams had raised in her EEO complaint were transferred to the MSPB proceeding. Having chosen that option, she was required to exhaust her claims in that forum before filing a civil action. *See Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir.

1990). Instead, McAdams abandoned her Title VII claims before the MSPB. She cannot now assert them in a separate civil action. The statutory scheme for mixed cases does not confer federal court jurisdiction over such claims.

■ McAdams asserts that this analysis is wrong because she did not pursue a mixed case at the administrative level. She first argues that the issues in her EEO complaints and her MSPB appeals were unrelated and that this action is based on the Title VII claims raised solely in her EEO complaints. This argument is not persuasive because her various administrative filings raised related issues and were treated as a mixed case by both the agency and the MSPB.

Her EEO complaints raised discrimination issues in connection with her demotion and the Bureau's ongoing investigation. Her first complaint was treated as a mixed case by the MSPB, when it dismissed her first appeal because it related to issues in the pending EEO complaint, and by the agency, when it cancelled her complaint in favor of the MSPB proceedings. Her second EEO complaint should have been similarly treated. McAdams' demotion and removal appeals to the MSPB included allegations of sex discrimination and reprisal. She attached a copy of her EEO complaint to her demotion appeal. Her removal appeal also included attachments related to charges of discrimination. Moreover, her complaint in this action lists her demotion and removal as examples of the discriminatory actions taken against her. The record supports the district court's conclusion that the allegations made in McAdams' EEO complaints and MSPB appeals were related and properly the basis of mixed case review.

■ McAdams also asserts that she could not have pursued a mixed case at the administrative level because the MSPB could not have exercised jurisdiction over her hostile work environment claim. The MSPB's jurisdiction is limited to the review of specific appealable actions. 5 U.S.C. § 1201. In mixed cases, however, the board is authorized and required to decide both the dis-

crimination issue and the appealable action. 5 U.S.C. § 7702(a)(1).[5] The MSPB does not have jurisdiction over claims of discrimination that are completely divorced from a personnel action otherwise within its jurisdiction. *Lazarski v. Office of Personnel Management*, 58 M.S.P.R. 475 (1993). If an appealable action is within the board's jurisdiction, however, it may resolve a claim of discrimination made in connection with the appeal. *See Johnson v. Office of Personnel Management*, 61 M.S.P.R. 293 (1994).

McAdams appealed her demotion and removal, both of which are appealable actions, to the MSPB. She alleged a variety of objections to the actions, the ongoing Bureau investigation, and the alleged reprisals against her for filing the EEO complaints. Her EEO complaints and the Title VII claims in this case raised similar issues arising out of overlapping facts. In this case the hostile work environment claim is related to, and nearly dependent on, two appealable actions. For this reason, the MSPB was authorized to assert jurisdiction over the discrimination claims asserted in the EEO complaints and in this lawsuit. McAdams' abandonment of the claims before the board prevent her from raising them here.

McAdams also asserts that the district court had jurisdiction over her Title VII claims regardless of whether her administrative appeal was a mixed case. She argues that a federal employee can pursue Title VII remedies separate from a related MSPB action. As discussed above, this is contrary to the statutory scheme. Moreover, the cases she relies on in support are simply not on point. *Crawford v. Runyon*, 37 F.3d 1338 (8th Cir.1994), and *Washington v. Garrett*, 10 F.3d 1421 (9th Cir.1993), both involved civil actions based on mixed cases that had been properly exhausted. *Katz v. Dole*, 709 F.2d 251 (4th Cir.1983), involved a separate Title VII complaint and MSPB appeal, but the separate proceedings were based on completely unrelated incidents.

The fact that McAdams received some inaccurate information from the DOJ and the EEOC regarding her right to file a civil action does not affect the outcome in this case. When the DOJ cancelled McAdams' first EEO complaint because of her decision to pursue a mixed appeal before the MSPB, the notification letter from the DOJ incorrectly stated that the cancellation was a final agency decision and that McAdams could appeal the decision to the Merit Systems Protection Board within twenty days or "file a complaint in the appropriate United States District Court within 30 days." The statutory scheme set forth in 5 U.S.C. §§ 7702 does not authorize the filing of a federal civil action in that time frame. There had been no final decision on the discrimination claims, which had been transferred to another agency, and 120 days had not passed since the filing of the MSPB appeal.

The DOJ dismissed McAdams' second EEO complaint because it determined that the claims were being asserted in this lawsuit. McAdams appealed to the EEOC, which issued a decision affirming the dismissal and instructing McAdams that she had the right to file a civil action. Because the second EEO complaint involved issues already pending before the MSPB, it should have been dismissed for that reason. The EEOC decision should have advised McAdams to raise her discrimination claims in connection with her ongoing MSPB appeal. The statutory framework does not create a right to file a federal court action at that time.

McAdams has not cited any authority to the effect that the receipt of incorrect information from an administrative agency creates a right to sue in federal court. She does not claim, and the record does not suggest, that any information she received affected

---

**5.** Congress has directed that in cases where the employee "has been affected by an action which the employee or applicant may appeal to the [MSPB]" and "alleges that a basis for the action was discrimination prohibited by [Title VII, the Fair Labor Standards Act, the Rehabilitation Act of 1973, the Age Discrimination in Employment Act of 1967, or any rule, regulation or policy directive prescribed by those statutes]" the MSPB shall decide both the issue of discrimination and the appealable action. 5 U.S.C. § 7702(a)(1). The MSPB regulations state that the rules for cases involving allegations of discrimination apply to "any case in which an employee ... alleges that a personnel action appealable to the Board was based, in whole or in part, on prohibited discrimination." 5 C.F.R. § 1201.141.

her decision to abandon her discrimination claims at the MSPB, which is the crux of her problem in now being heard in federal court. The DOJ's notification letter specifically informed her that her first EEO complaint was being cancelled because she had elected to pursue the issues in her mixed case complaint in her appeal to the MSPB. The EEOC decision regarding her second EEO complaint was entered after the MSPB had issued its opinion.

 The record indicates that McAdams abandoned her discrimination claims at the MSPB. The district court thus properly determined that it lacked jurisdiction to consider them. This does not mean that every federal employee's hostile work environment claim must, or can, be raised as a mixed case. If a harassment or hostile work environment claim is not related to an appealable action, separate EEO and MSPB actions would be appropriate.[6]

### III.

 McAdams also alleges that Brian Ross, an investigator with the DOJ, and Leo Vanwey, a Bureau employee, made defamatory statements about her during the course of the investigation that led to her suspension, demotion and termination. Her initial complaint named them both as individual defendants, and the government moved to substitute the United States as defendant. A certification of the United States Attorney was filed reflecting his opinion that the defendants were acting within the scope of their employment as employees of the United States at the time of the alleged incidents. McAdams did not respond to the motion, and the district court issued an order on September 16, 1992 substituting the United States for the individual defendants, amending the title of the action, and dismissing the claims against the individual defendants with prejudice.

The government then brought a motion to dismiss or for summary judgment on the basis that the defamation claim was barred under the Federal Tort Claims Act (FTCA) because the United States had not waived its sovereign immunity for claims arising out of libel or slander. McAdams did not dispute that her claim should be dismissed if analyzed under the FTCA, but argued in response that the substitution of the United States as a party was inappropriate because the named individuals were not acting in the scope of their employment when they defamed her.

In a July 19, 1994 order the district court gave McAdams 30 days to present evidence to challenge the substitution previously ordered. After review of the submissions, the court held that the substitution had been proper because the individuals had been acting in the scope of their duties when the statements were made. It then dismissed the defamation claim, and the case was closed.

 If substitution of the United States was appropriate, the defamation claim must be dismissed because the FTCA does not waive sovereign immunity for such claims. *See* 28 U.S.C. § 2680(h). McAdams argues that the substitution was improper because the district court failed to hold an evidentiary hearing on the scope of employment issue and misapplied Minnesota law. The government responds that the district court properly substituted the United States as a party because McAdams failed to produce any evidence that Ross and Vanwey were not acting within the scope of their employment. We review the district court's scope of employment determination de novo. *Forrest City Mach. Works, Inc. v. United States*, 953 F.2d 1086, 1089 n. 4 (8th Cir.1992).

 Congress has directed that the United States be substituted as a party defendant "[u]pon certification ... that the defendant employee was acting within the scope of employment at the time of the inci-

---

**6.** The facts in *Katz v. Dole*, 709 F.2d 251 (4th Cir.1983), provide an example of separate EEO and MSPB proceedings that would not be considered a mixed case. The plaintiff there exhausted her administrative remedies and then filed a Title VII complaint in federal court alleg-

ing sexual harassment and hostile work environment. She was later terminated for engaging in an illegal strike, which she appealed in a separate action, but that appeal raised no claim of discrimination in connection with her termination.

dent...." 28 U.S.C. § 2679(d)(2). The government's certification "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee" and is subject to judicial review. *Gutierrez de Martinez v. Lamagno*, — U.S. —, —, 115 S.Ct. 2227, 2236, 132 L.Ed.2d 375 (1995); *see also Brown v. Armstrong*, 949 F.2d 1007, 1011 (8th Cir.1991). Because the certification is prima facie proof that the challenged conduct was within the scope of employment, the burden is on the plaintiff to come forward with specific facts to rebut it. *Brown*, 949 F.2d at 1012.

State law governs a scope of employment determination. *Forrest City Mach. Works*, 953 F.2d at 1098 n. 4. Under Minnesota law, in cases asserting intentional torts, an employee acts within the scope of his employment when "he is performing services for which he has been employed or while he is doing anything which is reasonably incidental to his employment." *Marston v. Minneapolis Clinic of Psychiatry and Neurology*, 329 N.W.2d 306, 312 (Minn.1982).[7]

In this case, the record indicates that Ross and Vanwey were investigators for the Bureau. Their jobs required them to investigate allegations that McAdams was engaged in inappropriate conduct. All of the allegedly defamatory statements were made to other Bureau employees, and all but one of the alleged statements were made at the workplace. The one alleged statement that took place outside of work was made by Vanwey to Dee Slavin while he was getting his hair cut; Slavin was a Bureau employee who also worked in a salon. The record contains no evidence that the conversation between Vanwey and Slavin or any of the other allegedly defamatory conversations were unrelated to the investigation into McAdams' conduct.

McAdams was entitled to object to the government's certification and to obtain judicial review of it, *Lamagno*, — U.S. at —, 115 S.Ct. at 2229, but she failed to come forward with sufficient evidence to undermine it. The district court conducted its review in a manner consistent with *Brown*.[8] McAdams' argument that the district court was required to hold an evidentiary hearing on the scope of employment issue is without merit. An evidentiary hearing should be held if there are material fact issues in dispute, *Brown*, 949 F.2d at 1012, but there are none here. McAdams claims a fact dispute exists whether the conversation between Vanwey and Slavin actually took place, because Vanwey denies that it did. This dispute is not material, however, because even if the conversation took place as described by McAdams, there is no evidence to suggest that it was outside the scope of Vanwey's employment. The district court did not err in finding on the record presented that the challenged statements were made in the scope of employment.

The certification filed by the government is prima facie proof that Ross and Vanwey were acting in the scope of their employment when the allegedly discriminatory statements were made. Our review of the record uncovers no evidence to the contrary. The United States was properly substituted as defendant, and the defamation claim was properly dismissed.

For these reasons, the judgment is affirmed.

---

**7.** McAdams argues that whether the employee was motivated by a desire to serve the employer is a relevant consideration, but under Minnesota law an employee's motivation is only relevant to negligence claims, not to intentional torts. *Marston*, 329 N.W.2d at 310. She also claims that whether particular conduct was in the scope of employment is an issue of fact to be determined by a jury. A similar claim was explicitly rejected in *Brown v. Armstrong*, 949 F.2d 1007, 1011 (8th Cir.1991), which held that a challenge to the government's certification is to be resolved before trial. *See also Lamagno*, — U.S. at —, 115 S.Ct. at 2237.

**8.** The district court originally granted the substitution without undertaking the type of judicial review of the scope of employment certification described in *Brown*. Before dismissing the case, however, it revisited the issue after allowing McAdams additional time to challenge the certification. McAdams does not argue that the timing of the judicial review prejudiced her in any way, and her own failure to challenge the certification prior to the substitution would have to be considered if she did.