Jerry C. KENNEDY, Plaintiff,

v.

Marvin T. RUNYON, Jr., Postmaster
General, and the United States
Postal Service, Defendants.

Civil Action No. 95–1438.

United States District Court,
W.D. Pennsylvania.

July 22, 1996.

Raymond Radakovich, Pittsburgh, PA.

Yolanda Pizarro, Law Department, Philadelphia Field Office, United States Postal Service, Philadelphia, PA.

Michelle Gutzmer, Asst. U.S. Atty.

## MEMORANDUM OPINION

CINDRICH, District Judge.

This is an action by plaintiff Jerry C. Kennedy ("Kennedy") alleging discrimination on the basis of Kennedy's handicap by defendants Postmaster General, Marvin T. Runyon, Jr., and the United States Postal Service ("USPS"). Before the court is defendants' motion to dismiss for lack of subject matter jurisdiction. For the following reasons, the motion to dismiss, after conversion to a motion for summary judgment, will be granted.

## FACTS

Kennedy worked for the USPS from February 7, 1981 until his termination on February 8, 1993 based on conduct occurring during November, 1992. He is a veteran and had previously worked as a corrections officer. His employment with the USPS was terminated for using abusive language, showing a belligerent attitude toward fellow employees, and threatening to bring a gun to work to shoot various named and unnamed co-workers, for among other things, informing management about his lax work habits. Defs' Exs. A, B, attached to Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss, Doc. No. 10. Kennedy appealed his termination to the United States Merit Systems Protection Board

("MSPB" or "Board") on February 19, 1993. On June 22, 1993, after a full evidentiary hearing before an administrative judge at which Kennedy was represented by counsel, the administrative judge affirmed USPS's termination decision. *Id.* Ex. G.

Kennedy filed a petition for review of the administrative judge's decision by the full Board. The Board denied Kennedy's petition for review and the initial decision became final on October 22, 1993. *Id.* Ex. H. At that time, a copy of the Board's order was sent certified mail to Kennedy's current counsel with notice that the order was final and that Kennedy had 30 days in which to file an appeal. *Id.* Exs. H, A.[1]

Kennedy did not appeal the Board's final decision to the district court. Instead, he elected to contact a counselor with the USPS's equal employment opportunity ("EEO") office on December 6, 1993. Ex. 5, attached to Pl's Brief in Opposition of Defendants' Motion to Dismiss, Doc. No. 12. Kennedy complained that the USPS' decision against him constituted discrimination against his handicaps of alcohol and drug dependency and post traumatic stress disorder. On May 11, 1994, the Equal Employment Opportunity Commission ("EEOC") held that Kennedy's filing with them was not made within the requisite 45 days of the alleged discriminatory event and thus was barred. *Id.* Ex. 6. On August 10, 1995, after hearing Kennedy's request for reconsideration on the matter, the EEOC reiterated its holding that the filing was untimely. *Id.* Ex. 8.

Kennedy then sued defendants in · this court on September 11, 1995 for review of the Board's decision. He alleges that he was discriminated against because of his substance abuse problems and psychiatric condition. Defendants thereupon moved to dismiss the complaint for lack of subject matter jurisdiction.

1. The defendants attach two Exhibit A's to their brief. We refer here to the first one, the beribboned certified copy of the certified mail return receipt from the MSPB decision.

2. As we address below, defendants' motion can alternatively be seen as falling under Rule

## STANDARD FOR MOTION TO DISMISS

What on the surface appears to be an uncomplicated case presents, as so many such cases do, a formidable question beneath the surface. Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. No. 9. A motion under Rule 12(b)(1) requires us to examine the legal sufficiency of a claim. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1408–09 (3d Cir.1991), *cert. denied,* 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991). Dismissal is proper only when the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

A Rule 12(b)(1) motion differs from a Rule 12(b)(6) motion in two respects relevant to this case. First, the jurisdictional assertions having been challenged, the burden falls on the plaintiff to prove jurisdiction. "The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1045 (3d Cir.1993), *cert. denied sub nom. Upp v. Mellon Bank,* 510 U.S. 964, 114 S.Ct. 440, 126 L.Ed.2d 373 (1993). Second, the court may go outside the bounds of the complaint to examine other evidence to decide a Rule 12(b)(1) motion. *Berardi v. Swanson Memorial Lodge No. 48,* 920 F.2d 198, 200 (3d Cir.1990).

The question then arises whether it is appropriate to consider defendants' motion to dismiss as falling under Rule 12(b)(1). On one hand, defendants' argument is that Kennedy's claim of handicap discrimination is not timely, and therefore cannot be addressed by this court. In this sense, an argument that we are without jurisdiction has the ring of accuracy. Kennedy has otherwise stated a cognizable claim,[2] but the allegations that his

12(b)(6). "The Rule 12(b)(6) motion," however, "only tests whether the claim has been adequately stated in the complaint." Charles Alan Wright & Arthur R. Miller, 5A Federal Practice and Procedure § 1356 at 298 (1990). Kennedy arguably states a claim, but it just as arguably suffers

claim falls well outside the time limits Congress set for such claims would seem to implicate our power to hear his particular claim.

■ On the other hand, the limitations periods accompanying civil rights statutes are not jurisdictional. *See, e.g., Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1387 (3d Cir.1994) (Title VII). Such time limits can be waived or equitably altered where the facts—such as intentional misrepresentation by an employer—justify such treatment. Other courts have recognized this feature of the civil rights limitations periods in what has been called "a subtle distinction." *See, e.g., Vinieratos v. Dept. of the Air Force,* 939 F.2d 762, 768 n. 5 (9th Cir.1991) (collecting cases on both sides of the issue). While the distinction may be subtle, its effect here is practical: the rule we apply to defendants' motion determines who has the burden and what evidence, if any, we may consider.

■ Under these circumstances, and given the submissions of the parties, we will consider defendants' motion as being brought under Rule 12(b)(6). Defendants' arguments are based on Kennedy's failure to adhere to statutory time limits under the merit systems protection scheme; the Third Circuit considers these limitations periods as not implicating the court's jurisdiction. Since both parties have had the opportunity to submit, and have submitted, evidentiary material on the issue of Kennedy's adherence to the applicable filing deadlines, we will also convert defendants' 12(b)(6) motion into a motion for summary judgment on that limited question, though it may be dispositive of the entire case. Fed.R.Civ.P. 12(b)(6).

■ Summary judgment is mandated where the pleadings and evidence on file show there is no genuine dispute of material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case on which it will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A genuine issue does not arise unless the evidence, viewed in the light most favorable to the non-moving party, would allow a reasonable jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). A fact is material when it might affect the outcome of the suit under governing law. *Id.* at 248, 106 S.Ct. at 2510. In reviewing any facts alleged to create a genuine issue, if the Court concludes that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial,'" and summary judgment must be granted. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## DISCUSSION

### A. *Kennedy's MSPB Claim*

■ Under 5 U.S.C. sections 7703(a)(1) and (b)(2), federal district courts have jurisdiction over appeals of final orders from MSPB "mixed" cases. A mixed case contains allegations of adverse employment actions against federal employees normally appealable to the MSPB (e.g., excessive discipline), plus allegations that the adverse actions were the result of unlawful discrimination. *Id.* § 7702. However, a district court has no jurisdiction over a discrimination claim when the employee fails to raise that discrimination claim before the MSPB. *See, e.g., Hays v. Postmaster General,* 868 F.2d 328, 330 (9th Cir.1989).

Here, Kennedy avers that this court has jurisdiction because he raised the issue of discrimination with the MSPB. The record specifically contradicts this assertion. On his appeal form submitted to the MSPB when asked specifically on question 32.a whether he was claiming any issues of discrimination, Kennedy answered "N/A," the common abbreviation for "not applicable." Pl's Ex. 1. Moreover, in response to question 32.b on whether he filed a formal discrimination complaint, Kennedy answered "No." *Id.* His

from a fatal flaw affecting our authority to hear the claim.

claim in his brief that the inclusion of an attachment to question 30.c of his appeal form was sufficient notice to MSPB that the issue of discrimination was raised is without merit. That attachment does not claim discrimination, but merely acknowledges that Kennedy has a substance abuse problem, which he believes is a mitigating factor in the disciplinary decision. *Id.*

In a situation where a claimant merely has to check a box on a form, and may conceivably state the basis of his claim in one sentence to successfully *allege* handicap discrimination, the burden Kennedy seeks to place on the agency (and the courts) in divining his intentions is unacceptable. Moreover, accepting his argument would open the door to the type of after-the-fact charges that the review statute does not countenance. 5 U.S.C. § 7703. Accordingly, Kennedy's failure to raise the issue of discrimination before the MSPB court is fatal to his claim here.

■ Furthermore, even if Kennedy had raised the issue of discrimination with the MSPB, we would nonetheless dismiss his claim for his failure to exhaust available administrative remedies. The controlling statute requires that an employee seeking judicial review of an MSPB final order file an appeal within 30 days of notice. 5 U.S.C. § 7703(b)(2). Kennedy received notice of MSPB's final order on October 26, 1993. Thus, the limitations period ran on November 25, 1993, well before this action was filed on September 11, 1995.

### B. *Kennedy's EEOC Claim*

■ Though his Complaint is not a model of draftsmanship in setting forth his entitlement to proceed in this court,[3] read fairly, the Complaint seeks to make out a claim of handicap discrimination. Having found that Kennedy did not raise this claim before the MSPB, we look to whether we have authority to consider it here outside the confines of the MSPB process and consistent with the facts.

The short answer is no. Having lost before the MSPB, Kennedy then made a complaint about handicap discrimination to the USPS's EEO office on December 6, 1993. The USPS EEO counselor advised Kennedy by letter dated December 29, 1993 that his complaint was untimely for not having been brought within 45 days of the adverse action, his termination on February 8, 1993. Pl's Ex. 5. The EEOC considered and denied Kennedy's appeal from this decision for the same reason on May 11, 1994. Pl's Ex. 6. The EEOC then denied Kennedy's request for reconsideration on August 10, 1995. Pl's Ex. 7. Kennedy filed his Complaint here on September 11, 1995.

■ The interplay of the authority and jurisdiction of the MSPB, EEOC, and the district courts where a federal employee complains about discrimination is fairly complex. A recent summary of the area in *McAdams v. Reno*, 64 F.3d 1137 (8th Cir.1995), proves helpful. The relevant bottom line is that an employee in a mixed case can bring his claims before the MSPB or the agency's EEO office, but not both. *Id.* at 1141. Kennedy's fault, as correctly pointed out by the USPS and the EEOC, is his failure to take advantage of this flexibility in pursuing a handicap discrimination claim in the first instance. Put simply, since Kennedy did not complain about handicap discrimination before the MSPB, it was not considered. By the time Kennedy did make such a complaint to the EEOC, he was far too late. Under 29 C.F.R. section 1614.105(a)(1) (1993), a complainant must bring his grievance to the attention of an EEO counselor (or the MSPB) within 45 days of the effective date of the alleged discriminatory event. Kennedy was terminated on February 8, 1993. He contacted an EEO counselor on December 6,

---

**3.** The Complaint's jurisdictional statement is less than helpful. It consists of a hodgepodge of citations to: 5 U.S.C. § 2301 et seq. (federal merit systems treatment); 28 U.S.C. §§ 2201, 2202 (declaratory judgments); 1331(a), which does not exist, but which we take to refer to section 1331 (federal questions); 1343 (civil rights jurisdiction); 29 U.S.C. §§ 217 (fair labor standards); and 1132 (ERISA). Compl. ¶ 4. A reference to 28 U.S.C. § 1331 would seem to have been sufficient. Since the text of his complaint appears to rest entirely on one count of handicap discrimination, the rest appears to be surplusage.

Though he is not bound to do so, he fails to cite anywhere in his complaint the Rehabilitation Act, which presumably provides the cause of action he identifies. 29 U.S.C. §§ 794, 794a.

1993. Pl's Ex. 6. All the evidence demonstrates that Kennedy could have pursued a discrimination claim administratively, but failed to do so.

There is no question that failure of a federal employee to adhere to the 45 day limitations period renders a subsequent district court complaint under the Rehabilitation Act dismissable. *Spence v. Straw*, 54 F.3d 196, 202 (3d Cir.1995). As the EEOC found in deciding Kennedy's claim, we also find that Kennedy's claim of discrimination is barred by the 45 day limitations period. This court thus cannot entertain Kennedy's handicap discrimination claim made through the EEOC.

### C. *Federal Circuit Jurisdiction*

Under 5 U.S.C. section 7703(b)(1), jurisdiction over non-discrimination claims lies solely with the United States Court of Appeals for the Federal Circuit. If Kennedy's Complaint here raised any non-discrimination issues, we would consider whether a transfer of such issues to the Federal Circuit would be appropriate under 28 U.S.C. section 1631.[4] Since the Complaint can only be read as making out a claim of handicap discrimination, however, we need not address this issue.

### CONCLUSION

In sum, there is no genuine dispute of material fact that Kennedy did not raise his handicap discrimination claim expressly or impliedly before the MSPB, though he had every opportunity to do so. In addition, there is no dispute that his attempt to make such a claim through EEOC procedures was untimely. Finally, we find no issue requiring us to consider transfer of this case to the Federal Circuit. Accordingly, the defendants' motion will be granted. An order

consistent with this memorandum opinion will be entered.

---

4. Section 1631 provides that, whenever a court finds a lack of jurisdiction, it "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed."