**UNITED STATES COURT OF APPEALS**
**Filed 7/29/96**
**TENTH CIRCUIT**

LOUIS H. CANADA,

      Plaintiff-Appellant,

v.

MARVIN RUNYON, POSTMASTER
UNITED STATES POSTAL
SERVICE,

      Defendant-Appellee.

No. 95-1400
(D.C. No. 94-Z-65)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BARRETT** and **LIVELY**,[**] Circuit Judges.

      Louis H. Canada brought this civil rights action alleging that he was

removed from his employment with the Postal Service as a result of illegal race

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

[**]The Honorable Pierce Lively, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

discrimination and in retaliation for filing prior discrimination complaints. The district court referred the matter to a magistrate judge, who recommended that the complaint be dismissed for lack of jurisdiction. The district court agreed and dismissed the complaint without prejudice and with leave to file in the proper court. Mr. Canada appeals and we affirm.

We begin by observing that the statutes and regulations under which a federal employee must pursue a discrimination complaint "are complex and merit careful attention by a claimant." McAdams v. Reno, 64 F.3d 1137, 1141 (8th Cir. 1995). A case such as this one, which involves a removal and a claim of discrimination, is considered a "mixed case." See id. at 1141 & n.2. An employee can pursue a mixed case either by filing an EEO complaint with the employing agency or by filing an appeal of the adverse action directly with the Merit Systems Protection Board (MSPB), but not both. See 29 C.F.R. § 1613.403. An employee who files an EEO complaint can seek review of that decision either by filing an action in federal court within thirty days of receipt of a final decision by the agency, see 29 C.F.R. § 1613.281(a), or by filing an appeal with the MSPB within twenty days of receipt of the agency's decision, see 29 C.F.R. § 1613.405(e)(2)(iii), but not both, see 5 U.S.C. § 7702(a)(2). Judicial review of a matter appealed to the MSPB is governed by 5 U.S.C. § 7703(b)(1). Under this provision, if the MSPB considers the discrimination claim on its

merits, judicial review lies in federal district court.  See  Wall v. United States, 871 F.2d 1540, 1542-43 (10th Cir. 1989), cert. denied, 493 U.S. 1019 (1990).  If, however, the MSPB determines that it cannot hear the merits of the discrimination claim, "review of the Board's determination that it lacks jurisdiction to hear the employee's claim lies exclusively in the Federal Circuit."  Id. at 1543.

With this procedural maze in mind, we turn to the facts of this case. Although the proceedings took many twists and turns, we set out only the material circumstances.  Mr. Canada filed an EEO complaint with the agency and ultimately received a letter from the processing specialist.  The letter was dated January 20, 1993, and Mr. Canada's attorney acknowledged receipt of the letter on January 26, 1993.  Although the letter did not purport to address Mr. Canada's discrimination claims, it did correctly inform Mr. Canada that if he were "dissatisfied with this final agency action," he could appeal to the MSPB within twenty days or file in federal district court within thirty days.  Aplt. App. at 89. Mr. Canada filed an appeal with the MSPB thirty-two days later.

The Board issued an initial decision dismissing the appeal as untimely.  Mr. Canada appealed the initial decision to the Board, which denied review and advised Mr. Canada of his right to appeal to the Federal Circuit.  Instead of bringing an appeal in the Federal Circuit, Mr. Canada petitioned the EEOC to review the Board's decision to dismiss his appeal as untimely.  The EEOC

rejected the petition on the ground that it lacked jurisdiction, and Mr. Canada then brought the instant action in federal district court.

The gist of Mr. Canada's argument in this action is that he has the right to file his discrimination suit in federal district court because the January 20 letter was not a final agency action and therefore did not trigger the time limits within which he was required to exercise his various appeal options. Mr. Canada made this argument to the MSPB, which found it to be without merit. Having chosen to raise this issue with the MSPB, Mr. Canada was required to appeal the MSPB decision to the Federal Circuit. Once he filed an appeal with the MSPB, even if late, he waived his right to challenge the finality of the letter in any court but the Federal Circuit. The federal district court was therefore without jurisdiction to consider the issue.

Mr. Canada also seeks to invoke the court's equitable power, asserting that special circumstances exist in this case arising from alleged active deception and misconduct by the agency. Mr. Canada relies on several instances in which he alleges that he was given incorrect or misleading information. Navigating the channels of the discrimination complaint procedures are not easy for either the federal employee or the agency. While it may be true that Mr. Canada was given incorrect advice along the way, he has not shown that the erroneous information caused him to file late with the MSPB or fail to appeal the MSPB decision to the

Federal Circuit. Indeed, Mr. Canada was clearly and correctly informed about his appeal options and the applicable time limits at every critical point.[1] Mr. Canada's allegations of misconduct and bad faith on the part of the agency are unsupported by the record, which contains no evidence of a deliberate attempt by his employer or anyone else to frustrate his ability to pursue his claim. Moreover, Mr. Canada's decision to appeal the agency action to the MSPB divested the district court of jurisdiction to consider these issues in any event. As we have set out above, Mr. Canada was required to make these arguments to the MSPB and to appeal an unfavorable resolution of them to the Federal Circuit.

The order of the district court is AFFIRMED.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[1] Mr. Canada's arguments that the letter was not a final agency action and that he was actively misled about the proper procedures are undercut by the fact that Mr. Canada and his attorney met with the processing specialist who wrote the letter and were advised by her to file as if the letter were a final action. The attorney did so, although not within the applicable time limit.