**Wayne SLOAN, Plaintiff,**

v.

**Togo WEST, Secretary of the Army, Defendants.**

**No. CIV. 95–00942 ACK.**

United States District Court, D. Hawaii.

Sept. 6, 1996.

---

William E.H. Tagupa, Honolulu, HI, for Plaintiff.

Theodore G. Meeker, Office of the United States Attorney, Honolulu, HI, for Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S CROSS MOTION TO DISMISS

KAY, Chief Judge.

### BACKGROUND

Plaintiff Wayne Sloan ("Plaintiff") brings this suit in federal district court to appeal a

decision by the U.S. Merit Systems Protection Board ("MSPB") which determined that it did not have jurisdiction over his administrative appeal. Plaintiff brought this administrative appeal to contest the Army personnel action of terminating him from his overseas appointment of service.

Between the years 1988 and 1993 Plaintiff was employed by the U.S. Army Corps of Engineers in Camp Zama, Japan. Plaintiff was initially employed under an appointment designated as an "Overseas Limited Appointment," a classification which apparently is not subject to the Army's 5–year limitation on overseas employment. On September 29, 1993 Plaintiff received a promotion to the GS–7 pay grade. In connection with this promotion Plaintiff's employment classification was converted to a "term appointment" which would automatically terminate on July 26, 1993. On that date Plaintiff was separated from service upon expiration of his term.

After his separation from service the employing agency retroactively designated Plaintiff's initial appointment in 1988 as an indefinite Overseas Limited Appointment and designated Plaintiff's 1991 promotion as an Overseas Limited Appointment.

Thereafter Plaintiff contested his termination on grounds that the Army did not follow the correct termination procedures and terminated him on the basis of race discrimination. Plaintiff first brought his claims before the Equal Employment Opportunity Commission ("EEOC"), which held a hearing on August 15, 1994 and subsequently determined that Plaintiff was not the victim of race discrimination. Plaintiff then appealed this decision to the MSPB. On August 22, 1995 the MSPB held that it did not have subject matter jurisdiction over the matter because it found that Plaintiff was a "term" employee and thus Plaintiff's separation from service did not constitute an adverse employment action because his service had merely terminated upon expiration of term. The MSPB therefore did not reach the merits of Plaintiff's discrimination claim.

Thereafter Plaintiff brought this action in federal district court. In his Complaint and in the instant motion to remand Plaintiff asks this Court to reverse the MSPB finding that it did not have jurisdiction over the case and to remand the case to the MSPB so that he can exhaust his administrative remedies. In response Defendant Togo West, officially as Secretary of the Army, (hereinafter "Army"), has filed a cross-motion to dismiss or in the alternative for summary judgment. The Army contends that the district court lacks jurisdiction because the Federal Circuit has exclusive jurisdiction over appeals from MSPB decisions.

This matter came before the court for hearing on July 29, 1996.

## STANDARD OF REVIEW

### A. Summary Judgment Standard

Plaintiff's Motion to Remand is not entitled a motion for summary judgment but the summary judgment standard nevertheless applies because Plaintiff contends that the undisputed facts dictate that the MSPB erred in its determination that it lacked jurisdiction and therefore the case should be remanded to the MSPB.

Under the summary judgment standard of review, summary judgment shall be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). One of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Summary judgment must be granted against a party who fails to demonstrate facts to establish an element essential to his case where that party will bear the burden of proof of that essential element at trial. *Id.* at 322, 106 S.Ct. at 2552.

> If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact, the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment.

*T.W. Electrical Serv. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987) (citations omitted). Instead, Rule 56(e) requires that the nonmoving party set forth,

by affidavit or as otherwise provided in Rule 56, " *'specific facts* showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R.Civ.P. 56(e)) (emphasis in original). At least some " 'significant probative evidence tending to support the complaint' " must be produced. *Id.* (quoting *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968)). Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).

The standard for a grant of summary judgment reflects the standard governing the grant of a directed verdict. *See Eisenberg v. Ins. Co. of North America,* 815 F.2d 1285, 1289 (9th Cir.1987) (citing, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). Thus, the question is whether "reasonable minds could differ as to the import of the evidence." *Id.*

The Ninth Circuit has established that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988). Moreover, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (footnote omitted). Indeed, "if the factual context makes the non-moving party's claim *implausible,* that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Franciscan Ceramics,* 818 F.2d at 1468 (emphasis in original) (citing, *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.). Of course, all evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party. *T.W. Elec. Services,* 809 F.2d at 630–31.

## B. *Motion to Dismiss Standard*

The Army's cross-motion is a motion to dismiss. Under Fed.R.Civ.P. 12(b)(6), in determining whether to grant a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the plaintiff's allegations contained in the complaint and view them in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Wileman Bros. & Elliott, Inc. v. Giannini,* 909 F.2d 332, 334 (9th Cir.1990); *Shah v. County of Los Angeles,* 797 F.2d 743, 745 (9th Cir.1986). Thus, the complaint must stand unless it appears beyond doubt that the plaintiff has alleged no' facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Balistreri,* 901 F.2d at 699; *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984).

In essence, as the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir.), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiffs' claims. *Id.*

A motion under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the Complaint, such as absolute immunity or the statute of limitations. 2A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice,* ¶ 12.07 at 12–68 to 12–69 (2d ed.1991 & supp. 1191–92) (citing *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)).

If, in connection with a defendants' motion to dismiss for failure to state a claim, the Court considers matters outside the plead-

ings, that portion of the defendant's motion to dismiss should be treated as one for summary judgment. Rule 12(b)(6), Fed.R.Civ. Pro.; *Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); *Coverdell v. Dept. of Social & Health Services,* 834 F.2d 758 (9th Cir.1987).

## DISCUSSION

■ Plaintiff's motion asks the Court to reverse the MSPB finding that it lacked jurisdiction over Plaintiff's claims because Plaintiff's separation from service was not an "adverse action." In particular, Plaintiff contests the MSPB findings that Plaintiff was a term employee and thus his separation from service upon expiration of his employment term did not constitute an adverse employment action. The Army's cross-motion to dismiss contends that the Court should not reach the merits of this question because the Court lacks jurisdiction. The Army asserts that the Federal Circuit has exclusive jurisdiction over appeals of MSPB decisions as the one in the case at bar. The Court will first address this jurisdictional question in the Army's cross-motion to dismiss because if the Court lacks jurisdiction then it may not review the merits of Plaintiff's claims raised in his motion to remand.

■ Federal employees who suffer adverse employment actions may contest employment actions taken against them by appealing to the MSPB. The MSPB is a quasi-judicial administrative agency charged with reviewing civil service decisions. *McAdams v. Reno,* 64 F.3d 1137 (8th Cir.1995). The MSPB has authority to review civil service decisions that are "adverse actions."

■ Federal employees who seek to file discrimination claims must first exhaust their administrative remedies before they may sue in federal district court. *Id.* Federal employees may do so by filing discrimination claims with the EEOC and, if denied, may appeal the EEOC decision to the MSPB. Under 5 U.S.C. § 7702(a) the MSPB also has authority to review discrimination claims raised in conjunction with adverse personnel actions appealable to the MSPB, as long as the alleged discrimination is prohibited by certain enumerated anti-discrimination statutes. 5 U.S.C. § 7702(a). Such cases are termed "mixed cases." If an employee brings a claim of an adverse personnel action before the MSPB and fails to raise a related discrimination claim at that time, the employee may not bring the claim independently to federal court. *McAdams,* 64 F.3d at 1144. In such instances the district court lacks jurisdiction over the discrimination claim. *Id.*

■ The Federal Circuit has exclusive jurisdiction over appeals from final MSPB decisions. § 7703(b)(1). However an exception exists for mixed cases involving discrimination claims. Appeals from MSPB decisions in these cases must be appealed to federal district courts in accordance with the appropriate discrimination statute. § 7703(b)(3); *Morales v. Merit Systems Protection Board,* 932 F.2d 800, 802 (9th Cir. 1991) (district court has jurisdiction over entire claim if involves MSPB·appeal of mixed case); *Tolliver v. Deniro,* 790 F.2d 1394 (9th Cir.1986)(relief on discrimination claim in district court valid after MSPB denied discrimination claim); *Williams v. Dept. of Army,* 715 F.2d 1485, 1491 (Fed.Cir.1983). In such cases the district court has jurisdiction to review both the personnel action and the discrimination · claim. Indeed, the district court should address both claims, rather than just the discrimination claim, because the policy underlying the statute disfavors bifurcation. The district court should apply a *de novo* standard of review to the discrimination claims and an abuse of discretion standard to the MSPB decision on the adverse personnel action. 5 U.S.C. § 7703(c); *Washington v. Garrett,* 10 F.3d 1421 (9th Cir.1993).

■ The issue in the case at bar is whether in a mixed case the district court or the Federal Circuit has jurisdiction over final MSPB decisions which do not reach the merits of the claims but instead find that the MSPB lacks jurisdiction over the claims because they are not actions appealable to the MSPB. In the instant case the MSPB found that it did not have jurisdiction over Plaintiff's claims because his separation from service due to expiration of his term of service did not constitute an "adverse action" reviewable by the MSPB. The MSPB did not address the merits of Plaintiff's discrimination claim. Plaintiff asserts that the district court

has jurisdiction to reverse the MSPB decision which found that it did not have jurisdiction and remand the case to the MSPB to allow for adjudication on his personnel and discrimination claims; Plaintiff does not seek the Court to rule on the merits of his discrimination claim. In contrast Defendant contends that when the MSPB does not reach the merits of the action and instead finds that it has no jurisdiction, exclusive jurisdiction for review of that MSPB decision lies with the Federal Circuit rather than the district court. The Court agrees with Defendant, as discussed below.

The statute does not specify whether the district court or the Federal Circuit has jurisdiction over mixed-case appeals from MSPB decisions made on jurisdictional grounds. Although the statute appears to confer jurisdiction to the district court in appeals from MSPB decisions in mixed cases, Defendant asserts that there is an exception when the issue appealed is jurisdiction. In support of this Defendant cites to the Tenth Circuit case *Wall v. U.S.*, 871 F.2d 1540 (10th Cir.1989), *cert. denied*, 493 U.S. 1019, 110 S.Ct. 717, 107 L.Ed.2d 737 (1990), a case directly on point which held that a MSPB decision that it lacks jurisdiction must be appealed to the Federal Circuit rather than to a district court.

Plaintiff correctly points out that the Ninth Circuit questioned the *Wall* decision in a footnote in an unrelated MSPB case. *Washington v. Garrett*, 10 F.3d at 1437 n. 21. In dicta the *Washington* court stated that *Wall* appeared to conflict with § 7703 of the statute, which generally requires appeals from MSPB decisions to be reviewed by the district court if the case is "mixed" because it involves a discrimination claim. *Id.* However *Washington* expressly declined to rule on the issue of whether the district court or the Federal Circuit would have jurisdiction over the appeal of MSPB decisions which find that the MSPB had no jurisdiction over the claim. *Id.*

 Moreover *Washington* did not conduct the in-depth statutory analysis in *Wall*. *Wall* looked to the express terms of the statute, which defines MSPB actions involving discrimination cases as those cases in which the employee "(A) has been affected by an action *which the employee or applicant* *may appeal to the Merit Systems Protection Board, and* (B) alleges that a basis for the action was discrimination..." 5 U.S.C. § 7702(a)(1)(emphasis added). Hence if the adverse action cannot be appealed to the MSPB, such as when the MSPB lacks jurisdiction, then the case is not a "mixed case" subject to district court review specified in § 7703(b)(2). To be a mixed case a case must not only involve discrimination but also must be appealable to the MSPB. The provision allowing for district court review of MSPB decisions for cases involving discrimination, § 7703(b)(2), applies only "subject to the provisions of section 7702" which defines mixed cases. Thus, cases which *do not* satisfy § 7702 because the personnel action is not appealable to the MSPB therefore are not subject to district court review. The "mixed case" exception of § 7703(b)(2) would hence not apply and therefore the general provision for exclusive appellate jurisdiction with the Federal Circuit would control. In sum, when the MSPB finds that it lacks jurisdiction to review an agency personnel action because the action cannot be appealed to the MSPB, the Federal Circuit has exclusive jurisdiction to review the MSPB decision which dismissed the administrative appeal for lack of MSPB jurisdiction.

Every federal circuit court which has addressed this issue has found that when the MSPB has determined that it does not have jurisdiction over an administrative appeal, the Federal Circuit has jurisdiction to review the MSPB jurisdictional decision. In *Ballentine* the Federal Circuit held that it had jurisdiction over an MSPB appeal in a mixed case when the MSPB found that it lacked jurisdiction due to the plaintiff's untimely filing. *Ballentine v. MSPB*, 738 F.2d 1244, 1245 (Fed.Cir.1984). *Ballentine* distinguished the general rule stated in *Williams* that district courts have jurisdiction over appeals from MSPB decisions in mixed cases, holding that the district court only has jurisdiction where the MSPB made determinations on the merits of the claims. *Id.* at 1245. The *Ballentine* court reasoned that under § 7703(b)(2) a district court does not have jurisdiction if the MSPB did not decide both the discrimination issue and the personnel action appealable to the MSPB. *Ballen-*

*tine* stated the rule that the Federal Circuit has jurisdiction to hear threshold procedural matters such as jurisdiction which do not relate to the merits of the discrimination claim. The court found that this comported with policy concerns because the absence of the Federal Court's exclusive jurisdiction would " 'result[ ] in lack of uniformity as each of some 94 different district courts (with appeals to their respective circuits) proceed to define the metes and bounds of MSPB jurisdiction.' " *Id.* at 1247 (quoting *Granado v. Department of Justice,* 721 F.2d 804 (Fed. Cir.1983)(not a mixed case)).

Similarly, in *Spears* the Federal Circuit ruled that the Federal Circuit has jurisdiction over MSPB decisions on threshold issues such as lack of jurisdiction. *Spears,* 766 F.2d at 522. *Spears* held that the Federal Circuit had jurisdiction over an appeal of a MSPB decision which properly declined to entertain the plaintiff's discrimination claim that was not appealable to the MSPB because it was not brought in conjunction with a claim of an adverse personnel action. *Id.* Further support for this is found in *Maddox,* which did not involve a mixed case but nevertheless stated that the Federal Circuit "always ha[s] the inherent power to determine [its] own jurisdiction and that of the board" (the MSPB). *Maddox,* 759 F.2d at 10 (emphasis added).

For these reasons the Court finds that 5 U.S.C. §§ 7702(a) and 7703(b) and the case-law interpreting these provisions dictate that the Federal Circuit has exclusive jurisdiction over this appeal from the MSPB decision which found that Plaintiff's personnel action was not appealable to the MSPB and hence the MSPB lacked jurisdiction over Plaintiff's claims. This Court therefore lacks jurisdiction over Plaintiff's appeal from the MSPB decision and in turn the Court grants the Army's motion to dismiss.

The Court will not address the merits of Plaintiff's motion to remand because that motion asks the Court to review the merits of the MSPB decision and, as found above, the Court has no jurisdiction to do so. Proper jurisdiction over the MSPB decision belongs with the Federal Circuit.

### *CONCLUSION*

For the foregoing reasons the Court GRANTS the Army's motion to dismiss for lack of jurisdiction and in turn DENIES Plaintiff's motion to remand because the Court lacks jurisdiction to review the MSPB decision. Exclusive jurisdiction to review the Merit Systems Protection Board (MSPB) decision is with the Federal Circuit, not the district court.

IT IS SO ORDERED.