Alexander **GERMAN**, Plaintiff,

v.

Frederico **PENA**, Secretary, United States Department of Energy, Defendant.

No. 97 Civ. 8940 (JES).

United States District Court, S.D. New York.

March 10, 2000.

Alexander German, Brooklyn, NY, pro se.

Mary Jo White, U.S. Attorney, Southern District of New York, New York City (Rachel D. Godsil, Assistant U.S. Attorney, of counsel), for Defendant.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff *pro se* Alexander German brings the above-captioned action alleging discrimination on the basis of national origin under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e–17 against Frederico Pena, Secretary of the United States Department of Energy ("DOE"). Plaintiff, a native of Russia, claims that because of his nationality, his superiors at the Environmental Measurements Laboratory ("EML") were dishonest in reviewing his job performance, forcing him to retire in lieu of being terminated.[1]

Defendant moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant's motion argues that dismissal is warranted because plaintiff failed to properly exhaust administrative remedies as to his discrimination claims prior to the commencement of this action. For the reasons stated below, defendant's motion to dismiss is hereby granted and this action is dismissed with prejudice.

---

1. This action is similar to but factually and analytically distinct from the Court's decision in *German v. Pena*, 88 F.Supp.2d 216 (S.D.N.Y 2000), in which the Court grants summary judgment to defendant by Memorandum Opinion and Order also issued today. In that case, plaintiff alleges discrimination

## BACKGROUND

Plaintiff Alexander German is a native of Russia who was hired by the Department of Energy's EML division in January 1989. *See* Memorandum of Law in Support of Defendant's Motion to Dismiss dated April 20, 1998 ("Def.Mem."), at 3. He initially held the position of Mechanical Engineer which was graded at GS–9, and he was promoted to GS–11 in August 1990. *See id.* Plaintiff asked to be promoted again in June 1992 and February 1994 but was denied these promotions. *See id.*

On March 30, 1995, plaintiff received an unacceptable performance rating and was placed on a 90–day performance improvement plan. *See* Declaration of Rachel D. Godsil dated April 20, 1998 ("Godsil Decl."), Exh. B, *Alexander German v. Dept. of Energy*, MSPB No. NY–0432–96–0382–I–2 dated December 30, 1996 ("MSPB Op. I"), at 2. On March 8, 1996, he received another unacceptable performance rating, and on May 16, 1996, EML's supervisory office decided to discharge plaintiff because his performance had not improved. *See* Complaint ("Compl.") at ¶ 8–4 to 8–9. To avoid termination, plaintiff retired from the EML on May 31, 1996. *See* Def. Mem. at 4.

On June 19, 1996, plaintiff filed an appeal of his removal with the Merit Systems Protection Board ("MSPB"). *See* Godsil Decl. Exh. C, MSPB Appeal Form dated June 19, 1996, at 1. On the appeal form, plaintiff alleged retaliation for unspecified whistle blower activities, but left the section blank that asked him to explain, if relevant, why he believed he was "discriminated against by the agency, in connection with the matter appealed, because of [his] . . . national origin." *See id.* at ¶ 32.

by DOE personnel based on their failure to hire him for an open position at a higher salary grade. As discussed *infra,* this action involves plaintiff's subsequent discrimination claims of termination from his employment at the lower salary grade position he held.

Following a hearing, on December 30, 1996 an MSPB Administrative Law Judge affirmed the agency's decision to remove plaintiff and on June 11, 1997 the MSPB denied plaintiff's petition for review. *See* MSPB Op. I at 22, 24, 30–32; Declaration of Joan M. Shands dated April 20, 1998, at ¶ 8. The Administrative Law Judge later denied plaintiff's re-introduction of the same claims on grounds of *res judicata. See* Godsil Decl., Exh. D, *Alexander German v. Department of Energy*, MSPB Docket No. NY–1221–97–0445–W–1, dated July 21, 1997 ("MSPB Op. II"), at 3. The Federal Circuit affirmed both MSPB decisions on March 18, 1998. *See* Godsil Decl., Exh. F, *German v. Department of Energy*, 152 F.3d 947 (Fed.Cir.1998). Plaintiff's claims of discrimination were never addressed in any of these proceedings or judicial decisions.

On July 20, 1996, one month after initiating his initial appeal to the MSPB, plaintiff filed an EEO complaint alleging that he was discriminated against on the basis of his national origin.[2] Plaintiff in his EEO complaint also alleged that his performance evaluations were improper, but here he indicted that such impropriety was because of discrimination based on his national origin. *See* Godsil Decl., Exh. F, Notice of Dismissal of Mixed Case Complaint of Discrimination dated October 16, 1996 ("Mixed Case Dismissal"), at 1. DOE dismissed the complaint pursuant to 29 C.F.R. § 1614.107(d) and 29 C.F.R. § 1614.302(b) for prior election of MSPB procedures to adjudicate the claims relevant to his termination of employment. *See id.* This notice of dismissal explicitly informed plaintiff that "[t]he allegation of discrimination should be raised to the

MSPB Administrative Judge in conjunction with the mixed case appeal." *Id.*

Plaintiff appealed this decision to the Equal Employment Opportunity Commission ("EEOC") which vacated and remanded to DOE with an order to supplement the record with a copy of plaintiff's MSPB appeal and to again decide whether to process or dismiss the complaint. *See* Godsil Decl., Exh. G, Amended Notice of Final Agency Decision dated September 25, 1997, at 1. On or about September 27, 1997, DOE complied with the EEOC order and notified plaintiff that his complaint would again be dismissed for prior election of MSPB procedures. *See* Godsil Decl., Exh. H, EEOC Compliance Notice dated September 29, 1997, at 1.

## DISCUSSION

Defendant asks the Court to dismiss this complaint for lack of subject matter jurisdiction pursuant Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Second Circuit has held that "[n]either exhaustion nor its timeliness is a matter of jurisdiction, but rather is a matter to be raised in an affirmative defense." *Downey v. Runyon*, 160 F.3d 139, 146 (2d Cir.1998). Accordingly, such motion is more properly considered a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). *See e.g., Kelly v. Runyon*, No. 96–3922, 1997 WL 757918, at *2 (S.D.N.Y. Dec. 8, 1997); *Trenchfield v. Dupont Photomasks, Inc.*, 96–1135, 1997 WL 53238, at *3 (S.D.N.Y. Feb. 7, 1997); *Hladki v. Jeffrey's Consolidated, Ltd.*, 652 F.Supp. 388, 392 n. 10 (E.D.N.Y.1987) (all construing motions pursuant to Rule 12(b)(1) as motions pursuant to 12(b)(6)).[3]

---

**2.** After the Court heard Oral Argument on the instant motion, plaintiff filed an amended complaint alleging that "on 5.30.96. only begin EEO process for discrimination [sic]." *See* Amended Complaint dated November 9, 1998 ("Amend.Compl."), at ¶ 8–14. This date represents the date upon which plaintiff began seeking EEO counseling after he was allegedly discriminated against. As discussed *infra*, however, the only date relevant to this

action is July 20, 1996, the date that plaintiff actually filed his official EEO complaint.

**3.** Plaintiff will suffer no prejudice from the Court's treatment of the instant motion as made pursuant to Fed. R. Civ. Proc. 12(b)(6), as the substance of the motion remains exactly the same; *i.e.*, that plaintiff has failed to properly exhaust administrative remedies as to his claims. *See Kelly*, 1997 WL 757918, at *2.

The Court may grant a motion to dismiss pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir.1994). The Court must accept all facts alleged in the complaint as true and draw all reasonable inferences in plaintiff's favor. *See Jackson Nat. Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 699–700 (2d Cir.1994).

■ The MSPB and the EEO each have jurisdiction to hear "mixed case" claims, or those actions by aggrieved employees challenging termination allegedly based on both discriminatory and non-discriminatory but impermissible conduct. *See* 29 C.F.R. § 1614.302(b) (1999); *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir.1995); *Williams v. McCausland*, 791 F.Supp. 992, 997–98 (S.D.N.Y.1992). Once an employee has chosen the agency in which he wishes to adjudicate his claims, he is required to bring all claims relevant to his discharge in that proceeding. *See* 29 C.F.R. § 1614.302(b) (noting that whichever action "is filed first shall be considered an election to proceed in that forum"); *McAdams*, 64 F.3d at 1142.

Moreover, a claimant must exhaust all available administrative remedies prior to bringing his action in the federal courts. *See Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir.1996); *McAdams*, 64 F.3d at 1142 (citing *Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir.1990)). Upon proper exhaustion, the Federal Circuit has exclusive jurisdiction over actions raising only non-discriminatory civil service-related claims. *See* 5 U.S.C. § 7703(b)(1) (1999). Federal district courts, however, have exclusive jurisdiction over all mixed case claims. *See* 5 U.S.C. § 7703(b)(2); *Ballentine v. Merit Systems Protection Bd.*, 738 F.2d 1244, 1245 (Fed.Cir.1984) (citing *Williams v. Department of the Army*, 715 F.2d 1485, 1491 (Fed.Cir.1983)).

Plaintiff's allegations of discrimination could properly be brought only before the MSPB, the agency in which he initially chose to pursue all claims that his supervisors improperly evaluated him. *See* 29 C.F.R. § 1614.302(b); *McAdams*, 64 F.3d at 1140; *McCausland*, 791 F.Supp. at 997–98. To avoid dismissal for failing to bring these claims before the MSPB, plaintiff alleges in his Amended Complaint that he "begin EEO process for discrimination [sic]" on May 30, 1996. *See* Amend. Compl. at ¶ 8–14. By this statement, plaintiff presumably argues that he used the EEO grievance procedure before choosing the MSPB grievance procedure, thus making the EEO the proper avenue for administrative remedies.

■ Regardless of the pre-complaint procedures plaintiff undertook, it is uncontested that he filed his EEO complaint one month after he filed his MSPB complaint. By filing a formal complaint with the MSPB first, plaintiff elected to pursue all of his claims for wrongful termination in that forum. *See* 29 C.F.R. § 1614.301 (1999) ("An election to proceed under this part is indicated only by the filing of a written complaint; use of the pre-complaint process ... does not constitute an election for purposes of this section."). Accordingly, his failure to bring his discrimination claims in that forum warrants dismissal of this action.

Finally, because plaintiff is proceeding *pro se*, the Court has considered whether he is entitled to any equitable exception to proper exhaustion of his claims. *See McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999). However, because DOE explicitly notified plaintiff that his discrimination claims must be raised in his MSPB proceeding, *see* Mixed Case Dismissal at 1, there is no basis for claiming any equitable relief based on defendant's misconduct. *See Dillman v. Combustion Engineering, Inc.* 784 F.2d 57, 60 (2d Cir.1986).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint shall be and hereby is granted. The Clerk of