NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0654n.06

Case No. 08-1822

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 24, 2009
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ALBERT BURDEN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| UNITED STATES POSTAL SERVICE, | ) | DISTRICT OF MICHIGAN |
| POSTMASTER GENERAL; | ) | |
| CARNELL GEORGE, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: BATCHELDER, Chief Judge; SUHRHEINRICH and SUTTON, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge. Plaintiff-Appellant Albert Burden appeals the district court's granting of Defendants-Appellees' motion to dismiss, or in the alternative, for summary judgment on, his claims of race, age, gender, and disability discrimination, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (2007); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.; and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. Burden claims that the United States Postal Service and Carnell George, his direct supervisor at the Postal Service, violated his rights by discharging him because of his race, age, gender, and disability, and in retaliation for his engaging in protected activity. The district court found that Burden had not administratively exhausted two of his claims (race, age, and gender discrimination, and retaliation) in the manner prescribed by the Civil Service Reform Act of

1978, and had not timely filed his appeal of the other claim (disability discrimination).[1]

Burden was discharged following an incident in which he allegedly attempted to assault George with the forklift he was driving. Burden appealed his discharge by filing a "mixed case appeal" with the Merit Systems Protection Board ("MSPB"). After conducting a hearing, an Administrative Judge ("AJ") concluded that Burden had failed to prove his allegations of discrimination, and that Defendants-Appellees had proved that Burden had engaged in the alleged misconduct (i.e., the fork-lift assault), for which dismissal was the appropriate penalty. The AJ advised Burden of his options for seeking review of the decision and Burden chose to challenge the non-discrimination aspects of it (those related to the Postal Service's allegations regarding the alleged assault) through judicial review by the United States Court of Appeals for the Federal Circuit. The Federal Circuit affirmed the MSPB's decision on June 6, 2006, and later denied en banc review. The Supreme Court denied Burden's petition for certiorari. On November 13, 2007, Burden commenced this action, alleging race, age, gender, and disability discrimination, and retaliation in his discharge. The district court granted Appellees' motion to dismiss, or in the alternative, for summary judgment, on May 29, 2008.

The district court found that Burden had exhausted his disability discrimination claim (Count II of his complaint) by presenting it to the MSPB, but this action seeking district court review of the disability discrimination claim was untimely. The district court therefore dismissed it for lack of subject matter jurisdiction.

The district court further held that Burden had failed to exhaust his claims of race, gender and age discrimination, and retaliation (Counts I and III of the complaint) because he did not assert them

---

[1]Burden does not appeal the district court's dismissal of the other four counts in the Complaint.

2

with his disability claim (Count II) before the MSPB. The district court rejected Burden's claim that he had exhausted these issues by filing a complaint with the Equal Employment Opportunity Commission ("EEOC"), concluding that an EEOC complaint is not a basis for resurrecting for purposes of judicial review claims that were required to be, but were not, exhausted before the MSPB. *See McAdams v. Reno*, 64 F.3d 1137, 1142 (8th Cir. 1995) ("Having chosen [to pursue the claims in an MSPB proceeding], she was required to exhaust her claims in that forum before filing a civil action."). Because the claims in Counts I and III had not been exhausted, the district court granted appellees summary judgment on those counts. *See Myers v. Bethlehem Shipbuilding Corp.* 303 U.S. 41, 50-51 n.9 (elucidating the general principle of exhaustion of administrative remedies and cataloging the many cases in which the Supreme Court has applied it).

After carefully reviewing the record, the controlling law, and the parties' briefs, and having had the benefit of the parties' oral arguments, we conclude that the district court's opinion and order contains no reversible error. Because issuance of a full opinion would serve no jurisprudential purpose, and would be duplicative, we **AFFIRM**, for the reasons stated in the district court's well-reasoned opinion, the dismissal of Count II and the grant of summary judgment as to Counts I and III.